EAZOR EXPRESS, INC., Plaintiff,

v.

UNITED STATES of America,
Defendant,

and

Interstate Commerce Commission et al.,
Intervening Defendants.

Civ. A. No. 62–498.

United States District Court
W. D. Pennsylvania.

June 7, 1963.

Henry M. Wick, Jr., John A. Vuono, Delisi & Wick, Pittsburgh, Pa., for Eazor Express, Inc., plaintiff.

Joel E. Hoffman and John H. D. Wigger, Department of Justice, Washington, D. C., for United States of America, defendant.

Robert S. Burk, Interstate Commerce Commission, Washington, D. C., for Interstate Commerce Commission, intervening defendant.

James W. Lawson, Macdonald & McInerny, Washington, D. C., for Bell Lines, Inc., intervening defendant.

Jack B. Josselson, Cincinnati, Ohio, for O. K. Trucking Co. and Middle States Motor Freight, Inc.

Taylor C. Burneson, Robert N. Krier, Columbus, Ohio, for Suburban Motor Freight, Inc., Columbus and Chicago Mo-

tor Freight, Inc., International Motor Freight, Inc.

Leo Daniels, Prichard, Lawler & Geltz, Pittsburgh, Pa., for intervening defendants.

Before STALEY, Circuit Judge, and MILLER and ROSENBERG, District Judges.

JOHN L. MILLER, District Judge.

This is an action pursuant to 28 U.S.C. §§ 1336, 1398, 2284, 2321, 2322 and 2325, and § 17(9) of the Interstate Commerce Act [49 U.S.C. § 17(9)] and § 10 of the Administrative Procedure Act (5 U.S.C. § 1009) to annul and set aside the report and orders of the Interstate Commerce Commission, entered June 13, 1961, and January 16, 1962, in Docket No. MC–59120 (Sub-No. 17), Eazor Express, Inc., Extension-Alternate Routes West of Marietta, Ohio, and to remand to the Commission with directions for further proceedings consistent with the Court's opinion, or in the alternative to direct the Commission to issue to the plaintiff a certificate of public convenience and necessity authorizing the transportation sought.

The plaintiff, through the purchase of operating rights from Associated Freight Forwarders, Inc., in 1955, and from Litman Motor Freight in 1956, obtained authority to operate as a motor carrier of general commodities from Marietta, Ohio, and points in West Virginia, to Chicago, Illinois, through Pittsburgh, Pennsylvania. On October 6, 1956, the plaintiff applied to the Commission for a certificate of public convenience and necessity over two alternate routes for operating convenience only in connection with the plaintiff's authorized regular route operations. These were to provide a more direct route between Marietta and Bowling Green, Ohio, and Chicago, Illinois, serving no intermediate or off-route points. These routes are presently served by one direct line, Suburban, and by joint line operations of the protesting carriers.

Hearings were conducted by three separate examiners on different dates in Pittsburgh, Pennsylvania; Chicago, Illinois; and Indianapolis, Indiana, at which testimony was presented by the plaintiff's employees, thirty-two public witnesses and the protesting motor carriers who are intervening defendants in this action. The examiners found that the application could not be granted on the basis of operating economy and efficiency, because the authority sought would result in a new service which would adversely affect the operations of existing carriers. However, the examiners did recommend the granting of the certificate on the finding of public convenience and necessity.

Division 1 of the Commission, with one Commissioner dissenting, denied the application. Division 1 adopted the examiners' statement of facts and agreed that the authority could not be granted on the basis of operating economy and efficiency. But Division 1 disagreed with the examiners' conclusion that the plaintiff had proved public convenience and necessity. Reconsideration of the application was denied by the order of the entire Commission on January 16, 1962.

The plaintiff contends that the Commission's order should be set aside because of an abuse of discretion. It is the plaintiff's position that the Commission, after adopting the examiners' statement of facts, acted arbitrarily when it reached different conclusions from the examiners without making appropriate findings based on substantial evidence.

■ Section 207(a) of the Interstate Commerce Act, [49 U.S.C. § 307(a)], empowers the Commission to grant new service or extended service applications where the applicant's proposal "is or will be required by the present or future public convenience and necessity; otherwise such application shall be denied." The plaintiff in this action has the burden of proving that public convenience and necessity require its proposed services. Yourga v. United States, 191 F.

Supp. 373 (W.D.Pa.1961). The Commission found that the plaintiff had failed to meet this burden.

The Interstate Commerce Act has established the Commission as the guardian of the public interest in determining whether certificates of convenience and necessity should be granted. It has also entrusted the Commission with a wide range of discretionary authority in performing its duty. United States v. Detroit & Cleveland Navigation Company, 326 U.S. 236, 66 S.Ct. 75, 90 L. Ed. 38 (1945). The function of the reviewing court is limited to ascertaining whether the Commission's findings are supported by substantial evidence. United States v. Pierce Auto Freight Lines, Inc., 327 U.S. 515, 66 S.Ct. 687, 90 L. Ed. 821 (1946).

A thorough examination of the record convinces us that the Commission's orders were founded upon substantial evidence. The Commission made three basic changes in the examiners' findings which necessitated reversal of their conclusion. First, the Commission gave less weight to that shipper testimony which indicated only a preference or desire for plaintiff's proposed new service rather than a need for it. Secondly, the Commission found that the majority of shippers were already receiving satisfactory service from either the plaintiff or other carriers. The Commission also found that a number of the shippers supporting the plaintiff had not tried many of the services offered by protesting carriers. Because of these changes, the Commission concluded that the asserted "needs" of the supporting shippers were largely preferences or desires which were adequately being met by the existing single-line and joint-line services of the plaintiff and other carriers.

The fact that the Commission, after adopting the statement of facts as reported by the examiners, reached different conclusions does not make its decision arbitrary, capricious or unlawful. The Commission is not required to adopt the recommendations of its examiners. W. J. Dillner Transfer Co. v. Interstate Commerce Commission, 193 F.Supp. 823 (W.D.Pa.1961). The Commission's orders must be affirmed.

An appropriate order will be entered.