**NATIONAL TRAILER CONVOY, INC.,**
Plaintiff,

Morgan Drive Away, Inc., and Transit Homes, Inc., Intervening Plaintiffs,

v.

UNITED STATES of America, and Interstate Commerce Commission, Defendants,

and

Chandler Trailer Convoy, Inc., Intervening Defendant.

Civ. A. No. 72-C-239.

United States District Court, N. D. Oklahoma.

Aug. 31, 1973.

Leonard A. Jaskiewicz and William J. Grove, Washington, D. C., Fred Rahal, Jr., and Charles C. Baker, Tulsa, Okl. (Grove, Jaskiewicz & Gilliam, Washington, D. C., and Gable, Gotwals, Hays, Rubin & Fox, Tulsa, Okl., of counsel, on brief), for plaintiff, National Trailer Convoy, Inc.

William J. Lippman, Washington, D. C., and Pat Malloy, Tulsa, Okl. (Singer & Lippman, Washington, D. C., of counsel, on brief), for intervening plaintiff, Morgan Drive Away, Inc.

Wilmer B. Hill, Washington, D. C., and Carl D. Hall, Jr., Tulsa, Okl. (Ames, Hill & Ames, Washington, D. C., Hall & Sublett, Tulsa, Okl., and Mitchell King, Jr., Greenville, S. C., of counsel, on brief), for intervening plaintiff, Transit Homes, Inc.

Nathan G. Graham, U. S. Atty., Tulsa, Okl. (Thomas E. Kauper, Asst. Atty. Gen. and John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., on brief), for defendant, U. S.

Seymour Glanzer, Atty., I. C. C., Washington, D. C. (Fritz R. Kahn, Gen. Counsel, I. C. C., Washington, D. C., on brief), for defendant, I. C. C.

Harold G. Hernly, Alexandria, Va., Samuel P. Daniel, Jr., Lawrence T. Chambers, Jr., and James R. Jones, Tulsa, Okl. (Wrape & Hernly, Alexandria, Va., Doerner, Stuart, Saunders, Daniel & Langenkamp and Holliman, Langholz, Runnels & Dorwart, Tulsa, Okl., of counsel, on brief), for intervening defendant, Chandler Trailer Convoy, Inc.

Before HOLLOWAY, Circuit Judge, BARROW, Chief District Judge and BOHANON, District Judge.

## MEMORANDUM OPINION AND ORDER

HOLLOWAY, Circuit Judge.

This suit seeks to enjoin and set aside an order of the Interstate Commerce Commission (the Commission) granting a motor carrier certificate. 28 U.S.C.A. §§ 1336 and 2321. A three-judge court was convened as required by 28 U.S.C.A. § 2325. The principal order of the Commission under attack is that granting a certificate for additional authority for secondary movement of mobile homes by Chandler Trailer Convoy, Inc. (Chandler), 114 M.C.C. 436. Additional orders denying motions for further hearing and other relief are also challenged. We conclude that the Commission's order is supported by the record and that the

Commission committed no error and we deny relief.

Chandler is a motor carrier specializing in transportation of mobile homes. At the time it applied for the additional authority in dispute, it was authorized to transport mobile homes in secondary movements from Newport, Arkansas, and points within ten miles of it, and Jacksonville, Arkansas, to points in the United States and from points in the United States (including Alaska but excluding Hawaii) to points in Arkansas. Through these Arkansas gateways Chandler could operate between any points in the continental United States, including Alaska, in making secondary movements. Chandler also had substantial authority for initial movements of mobile homes. The plaintiff herein, National Trailer Convoy, Inc. (National), and intervening plaintiffs, Morgan Drive Away, Inc. (Morgan) and Transit Homes, Inc. (Transit), are competitors of Chandler. These three companies (the protestants) have had virtually unlimited nationwide authority for secondary movements of mobile homes since 1946 and have been the only carriers with such authority.

After the order granting Chandler's additional authority and entry of other orders under attack, this suit was commenced. An application for an interlocutory injunction was heard and denied, with one judge dissenting. The hearing on the merits was consolidated with that on the interlocutory injunction. We have considered the arguments, the briefs and the administrative record, and this memorandum and order will state our conclusions and constitute the judgment herein.

The issues can conveniently be discussed under three general propositions to which we turn:

(1) whether the Commission erred in denying petitions for reopening, reconsideration and similar relief;

(2) whether the findings and order of the Commission are supported by the record as a whole and ade-

quate as a basis for the Commission's determination; and

(3) whether unfitness of Chandler for the authority is shown by the record so as to bar the granting of the certificate.

1. *The Commission's rulings denying reconsideration and rehearing.*

■ The report of the Commission granting the certificate in question was served November 22, 1971. Orders by a member of the Commission extended until January 31, 1972, the time for filing a petition for reconsideration, rehearing or reargument. In January, 1972, National filed a petition for reconsideration and reopening; Morgan filed a petition for reconsideration; and Transit filed a petition for reopening and reconsideration. Chandler also petitioned for reconsideration for reasons not material here. The protestants' petitions were denied by an order served June 8, 1972. The Commission's order stated that the findings of Division I were in accordance with the evidence and law and that no sufficient or proper cause appeared for reopening the proceeding for reconsideration or granting any of the other relief sought.

On June 30, 1972, National asked leave to file a further petition for reconsideration, additional evidence being tendered therewith, which was denied and rejected on July 7, 1972, for the reason that the June 8 order had administratively finalized the proceeding, and that no sufficient or proper cause appeared for accepting the pleadings or for further consideration.

On July 7 Transit filed a petition for reopening and reconsideration and Morgan sought reopening and further hearing. On July 10 Morgan and Transit were advised by a staff letter that their petitions were rejected because the proceeding was administratively final and not the proper subject for such petitions. On that day the certificate issued to Chandler. Morgan and Transit, by let-

ter, petitioned the Commission for review and reconsideration of the Commission's action on their petitions and requested adjudication of them. National commenced this suit on July 13, and a temporary restraining order was entered and remained in effect until August 11.

On July 28 the Commission by order denied the letter petitions of Morgan and Transit and reaffirmed the letter rejections on July 10 of their earlier petitions. The July 28 order denied the petitions for the reasons that they had been properly rejected after the proceeding was administratively final and was not the proper subject of a petition for rehearing, reargument or reconsideration; that the time for filing such petitions had expired January 31; that prior petitions for reconsideration had not requested leave to introduce additional evidence; that the requests to introduce additional evidence had been examined, and if the record were reopened it did not appear a change in the findings would be warranted; and that there was no sufficient or proper cause for further consideration.

The protestants argue that following the June 8, 1972, order they were entitled under the Commission's rules to file petitions for rehearing, reargument or reconsideration within thirty days, relying on 49 C.F.R. § 1100.101 (1972 Supp.). They say that their petitions filed in July were timely under the rule; that the Commission improperly rejected them without considering and disposing of them on the merits; and that, therefore, the certificate was issued improperly on July 10 before the disposition of the pending petitions, and null and void under § 17(8) of the Act, 49 U.S.C.A. § 17(8).

We are satisfied that the Commission's orders were proper and in compliance with the rules. § 1100.101 does provide a thirty-day time limitation for petitions for rehearing, reargument or reconsideration. However, the "decision or order" from which the time ran was the decision served on November 22, 1971. Those petitions timely filed thereafter and still pending were denied by the order served on June 8, 1972. We cannot agree with the protestants that with the order of June 8, the time began to run again for another round of petitions. Instead we accept the Commission's position that such an application of the rule would frustrate the public interest. Since the timely petitions filed as of right were considered and disposed of before issuance of the certificate on July 10, the Commission's grant of the authority on that date was not in violation of the Act, despite the filing of the other petitions. See Atlanta-New Orleans Motor Freight Co. v. United States, 197 F.Supp. 364, 371 (N.D.Ga.).

■ As a discretionary matter the Commission could have reopened the proceeding under its rules. See 49 C.F.R. § 1100.101(e). The proof sought to be adduced on reopening concerned the continuing decline in secondary movements. And it would have shown a new regulation extending the reasonable pickup time for movements of the Department of Defense (DOD) traffic, which is said to bear on whether shipment delays shown by Chandler were a valid consideration. In essence the argument for reopening is that the record was stale and that the Commission abused its discretion in not reopening to admit proof of the changed conditions.

We are satisfied there was no abuse of discretion in the Commission's determination not to prolong the proceeding. If such reasons were permitted to force reopening to bring the proof down to date, there would be little hope that the administrative process could ever be consummated. United States v. Interstate Commerce Commission, 396 U.S. 491, 520–521, 90 S.Ct. 708, 24 L.Ed.2d 700; United States v. Pierce Auto Lines, Inc., 327 U.S. 515, 535, 66 S.Ct. 687, 90 L.Ed. 821; Interstate Commerce Commission v. Jersey City, 322 U.S. 503, 514–515, 64 S.Ct. 1129, 88 L.Ed. 1420. This proceeding does not involve the special circumstances where reopening was held to be required in Blue Bird

Coach Lines, Inc. v. United States of America, 328 F.Supp. 1331 (W.D.N.Y.).

We are persuaded there was no procedural error or abuse of discretion affecting the validity of the certificate or requiring any of the Commission's orders to be disturbed.

2. *The sufficiency of the record to support the Commission's findings and order.*

The detailed findings of the Hearing Examiner and of the Commission are stated in the Commission's Report, 114 M.C.C. 436, and need not be repeated.

In arriving at its conclusion the Commission differed with the Examiner as to the consideration to be given to testimony by individual shippers, and in particular by accepting proof from seven of them who were in the employ of the DOD. While accepting the evidentiary findings of the Examiner, the Commission made additional findings based on proof of all such individual shippers, assessed the significance of their complaints as more serious than did the Examiner, and granted the certificate.

In essence the Commission attached greater weight to proof by the individual shippers than had the Examiner. It noted that while the individuals might have obtained better service by contacting more carriers, the evidence showed that all the protestants had been called for service at different times by different shippers, with delays and inadequacies occurring in service by each protestant. Furthermore the Commission received testimony of seven individual military personnel which the Examiner had rejected. This proof covered different areas of the country where the witnesses had described delays and inadequacies in service. And the DOD additionally submitted proof by a one-month table on the need for additional service which, taken with testimony of individuals, was found adequate by the Commission as support for the application.

█ The protestants argue that the proof relied on by the Commission was wholly insufficient to support the nationwide authority granted, relying on Adolph L. Hintze Common Carrier Application, 107 M.C.C. 348, and similar cases. Under *Hintze* they say that the Commission's rule is that existing carriers are entitled to all the traffic they can adequately, efficiently and economically handle, before authority for a competitive service is granted. They contend that the proof of delay and inadequacy in the services by the individuals and the DOD was insufficient, as the Examiner had found, and press numerous other arguments on insufficiency of the proof to support the Commission's findings and conclusions.

█ We cannot agree. In giving weight to the testimony by individual shippers as to their complaints, without requiring as strict a standard of proof as is exacted from other regular shippers, the Commission followed persuasive authorities. See Lonnie Wood Common Carrier Application, 86 M.C.C. 45; Bell Transportation Co., Inc., Extension, Florida, 96 M.C.C. 264; Chandler Trailer Convoy, Inc., Extension—49 States, 114 M.C.C. 436. We cannot say that it was improper to give weight to such proof by individual shippers. Moreover proof is not required for each and every point involved in supporting an application for extended authority. Hudson Transit Lines, Inc., v. United States, 314 F.Supp. 197, 202 (D.N.J.); Transit Homes, Inc. v. United States, 299 F.Supp. 950, 955 (D.S.C.); Atlanta-New Orleans Motor Freight Co. v. United States, 197 F.Supp. 364, 368–369 (N.D.Ga.). It is true that the proof was not detailed and strong as to the inadequacy of service and the need for new authority throughout the entire nation as granted. Nevertheless, we cannot say that there was not substantial evidence for the Commission's finding that present and future public convenience and necessity required the new operation by Chandler.

██ On consideration of the proof as a whole, including that of the individual shippers and the DOD, we are

satisfied there is substantial evidence supporting the Commission's findings, and this determination is as far as we may go. Interstate Commerce Commission v. Jersey City, supra; Virginian R. Co. v. United States, 272 U.S. 658, 663, 47 S.Ct. 222, 71 L.Ed. 463. The determination of the public interest is the business of the Commission under the very terms of the statute. See 49 U.S.C.A. § 307(a); United States v. Pierce Auto Lines, supra. Our function is limited to ascertaining whether there is warrant in the law and the facts for what the Commission has done and we may not substitute our view in that respect if the Commission's order has support in the record and applicable law, as we feel it does here. United States v. Pierce Auto Lines, supra at 536. And the fact that the Commission adopted the findings of the Examiner as to the underlying facts, but made supplemental findings and conclusions differing from his, does not make the Commission's decision arbitrary or unlawful. Eazor Express, Inc. v. United States, 218 F.Supp. 393, 395 (W.D.Pa.).

Thus we cannot agree with the various arguments attacking the sufficiency of the record to support the findings or the adequacy of the findings themselves. The findings and order sufficiently reveal the essential basis of the Commission's judgment. Alabama Great Southern R. R. Co. v. United States, 340 U.S. 216, 228, 71 S.Ct. 264, 95 L.Ed. 225; Greater Boston Television Corp. v. F.C.C., 143 U.S.App.D.C. 383, 444 F.2d 841, 852, cert. denied, 403 U.S. 923, 91 S.Ct. 2229, 29 L.Ed.2d 701. In sum we conclude that the Commission's order is supported by the record as a whole and by adequate findings and conclusions.

### 3. The fitness of Chandler for a certificate.

■ The protestants contend the certificate should not have issued because of record proof of Chandler's unfitness to perform the services, relying on Kroblin Refrigerated Xpress, Inc. v. United States, 197 F.Supp. 39 (N.D.Ia.). They point to Chandler's maintenance of unauthorized affiliation with a company owned by Mr. Chandler's brother; the routing of the Chandler traffic without observance of the Arkansas gateways; and the falsification by drivers of their logs to conceal this practice.

The Examiner and the Commission rejected these contentions. It was found that no predicate existed for a finding that the businesses of Mr. Chandler and his brother were subject to a common control since Mr. Chandler had no stock or monetary interest, direct or indirect, in the operation of his brother's company. Further it was found that positive remedial steps had been taken by Chandler to rectify the situation as to observing the Arkansas gateways. A new employee was charged with supervision to insure observance of the traffic routes.

■ We are persuaded that the record amply supports the findings of the fitness of Chandler. The past conduct is no bar to a certificate and the determination of fitness rests with the Commission. Bray Lines, Inc. v. United States, 353 F.Supp. 1240, 1249 (W.D. Okla.); Armored Carrier Corp. v. United States, 260 F.Supp. 612, 614–615 (E.D. N.Y.), aff'd, 386 U.S. 778, 87 S.Ct. 1476, 18 L.Ed.2d 524.

We conclude that none of the grounds asserted justifies setting aside the Commission's order and that all relief should be and is denied and the action is hereby dismissed.

BOHANON, District Judge (dissenting).

The undersigned Judge is in receipt of the Memorandum Opinion and Order prepared and submitted by Hon. William J. Holloway, Jr. in the above captioned case, to which I dissent.

My views are set out as follows:

On September 8, 1972, this cause came on for consideration by the Court upon the petition and application of National Trailer Convoy, Inc., the original plaintiff, and Morgan Drive Away, Inc., and

884

Transit Homes, Inc., intervening plaintiffs, seeking an interlocutory injunction against the defendants, Interstate Commerce Commission, United States of America, and Chandler Trailer Convoy, Inc., to restrain them from authorizing operations under a certificate of public convenience and necessity issued to the defendant, Chandler Trailer Convoy, Inc. (ICC Docket No. 114004, Sub. No. 66, Chandler Trailer Convoy, Inc., Extension—49, Motor Carrier Cases, ICC 436) and any reissuance of a certificate of public convenience and necessity by the defendants in said docket pending final determination by this Court.

The Court heard arguments and admitted certain exhibits and affidavits pertaining to the application for interlocutory injunction, and

It was developed at the hearing that a full and complete record of the proceedings before defendant, Interstate Commerce Commission, was unavailable for filing and for consideration, and

It was also brought out before the Court that plaintiff-petitioner and the intervenors have pending before the Interstate Commerce Commission timely, adequate and proper pleadings for the introduction of additional evidence vital to a fair and proper determination of this cause.

Equitable considerations, under all of the circumstances presented, and in the absence of a full record and the further testimony sought to be offered by petitioner and intervenors, requires that the interlocutory injunction being sought should be granted to avoid irreparable injury to some of the parties or to the public.

The record before the Court clearly establishes that irreparable injury to the plaintiff and intervenors will follow if the certificate of public convenience and necessity remains in force so as to permit Chandler Trailer Convoy, Inc., to commence operations; and if Chandler Trailer Convoy, Inc., is permitted to commence operations, it will expend large sums of money, and if ultimately it is determined that the certificate was wrongfully issued, then Chandler will suffer irreparable injury.

Weighing and balancing the equities and the very important public interest factor involved, it is believed that the certificate issued should not become effective and that the application of plaintiff and intervenors for an interlocutory injunction should be granted; further this cause should be remanded to the defendant, Interstate Commerce Commission, to hear further evidence from the plaintiff and intervenors and for reconsideration of this entire cause and the wisdom of granting or denying a certificate of public convenience and necessity.